UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MOHAMMAD ANEES, | : | |
| | : | |
| Petitioner | : | DOCKET NO. 3:02-CV-1393 (DJS) |
| | : | |
| v. | : | |
| | : | |
| ATTORNEY GENERAL | : | |
| JOHN ASHCROFT, | : | |
| | : | |
| Respondent | : | April 20, 2004 |

**RESPONSE TO COURT'S ORDER**

The Respondent, John Ashcroft,[1] respectfully submits this Response to the petitioner's petition for a writ of habeas corpus.  The petitioner argues that he should not be deported because, according to him, he is a United States citizen.  As explained in more detail below, this Court lacks jurisdiction because the extraordinary remedy of habeas corpus does not lie for petitioner's claims regarding his alleged citizenship but instead, jurisdiction is vested exclusively in the Court of Appeals.[2]  Moreover, because petitioner could have raised this claim at his removal proceeding, and again on direct

---

[1]On March 1, 2003, the Immigration and Naturalization Service ("INS") was abolished and its functions transferred to three bureaus within the Department of Homeland Security.  The enforcement functions of INS were transferred to the Bureau of Immigration and Customs Enforcement ("BICE") within the Department of Homeland Security, an agency headed by Tom Ridge.

[2]This issue is currently on appeal at the United States Court of Appeals for the Second Circuit in Lee v. Ashcroft, Docket Nos. 03-2522, 03-2529.  The Government respectfully requests that the Court stay this case pending a decision by the Second Circuit.

appeal to the Board of Immigration Appeals ("BIA"), and he has

not shown cause for his failure to do so, his claim is

procedurally barred.

**FACTUAL AND PROCEDURAL BACKGROUND**

The factual and procedural history of this case is set forth

in the Respondent's previous submissions to the Court and will

not be repeated herein.

**ARGUMENT**

I.   **THIS COURT LACKS JURISDICTION TO ADJUDICATE PETITIONER'S CITIZENSHIP CLAIM**

Under the INA, claims to United States nationality shall be

adjudicated only as set forth in 8 U.S.C. § 1252(b)(5).[3]  That

section provides:

> (A) <u>Court determination if no issue of fact</u>.  If the
> petitioner claims to be a national of the United States
> and the court of appeals finds from the pleadings and
> affidavits that no genuine issue of material fact about
> the petitioner's nationality is presented, the court
> shall decide the nationality claim.
>
> (B) <u>Transfer if issue of fact</u>.  If the petitioner
> claims to be a national of the United States and the
> court of appeals finds that a genuine issue of material
> fact about the petitioner's nationality is presented,
> the court shall transfer the proceeding to the district
> court of the United States for the judicial district in
> which the petitioner resides for a new hearing on the
> nationality claim and a decision on that claim as if an
> action had been brought in the district court under
> section 2201 of Title 28 [providing for declaratory

---

[3]   Under 8 U.S.C. § 1101(a)(22), the "term national of the
United States" means "(A) a citizen of the United States, or (B)
a person who, though not a citizen of the United States, owes
permanent allegiance to the United States."

judgments].

    (C) <u>Limitation on determination</u>.  The petitioner may
have such nationality claim decided only as provided in
this paragraph.

8 U.S.C. § 1252(b)(5).

"Once removal proceedings have been initiated, a petition
for review under 8 U.S.C. § 1252(b)(5) is the <u>only</u> avenue by
which a person may seek a judicial determination of his or her
status as a national of the United States."  <u>Chau v. INS</u>, 247
F.3d 1026, 1028 n.2 (9th Cir. 2001) (emphasis added); <u>see also</u>
<u>Hussein v. Ashcroft</u>, 2002 WL 31027604 (E.D.N.Y. Sept. 12, 2002).
Thus, the plain language of § 1252(b)(5) precludes district
courts from considering citizenship claims in the first instance.
As expressly provided therein, once removal proceedings have been
initiated, the claim must be presented to the court of appeals,
which shall transfer the matter to the district court if genuine
issues of material fact exist regarding citizenship.  <u>See</u> 8
U.S.C. § 1252(b)(5)(B).  Because Petitioner was in removal
proceedings, the only avenue whereby he could assert a claim of
United States citizenship and obtain judicial review thereof was
through the process as set forth in 8 U.S.C. § 1252(b)(5).
Accordingly, for the reasons set forth above, this matter should
have been filed in the Court of Appeals.

Petitioner argues that, notwithstanding §1252(b)(5)(C),
under the reasoning of <u>INS v. St. Cyr</u>, 533 U.S. 289 (2001), this

Court should hear the merits of his citizenship claim.  In St

Cyr, the Supreme Court considered 8 U.S.C. § 1252(a)(2)(C)'s

foreclosure of "judicial review" of removal orders issued against

criminal aliens, even in the context of a habeas petition.  The

Court relied on the "longstanding rule requiring a clear

statement of congressional intent to repeal habeas jurisdiction"

to hold that the provision did not preclude federal court review

of habeas petitions that challenged the specified types of

removal orders.  St. Cyr, 533 U.S. at 298-99.  Specifically,

because § 1252(a)(2)(C) did not specifically mention habeas

review, the Supreme Court found that the provision did not repeal

the federal courts' habeas jurisdiction.

     Here, petitioner's claim is without merit because the clear

statement rule applies only to potential repeals of habeas

jurisdiction, and here, the statute merely provides a process

whereby citizenship claims shall be decided.  See 8 U.S.C. §

1252(b)(5).  To the extent petitioner claims that such a

procedural process has the effect of repealing habeas

jurisdiction, that claim is also without merit.

     Traditionally, statutes that potentially repeal habeas

jurisdiction are those that curtail the availability of habeas

petitions by removing the courts' power to grant such writs.

Notably, § 1252(a)(2), the provision at issue in St. Cyr,

potentially removed all of the power given by § 2241 to grant

habeas corpus in a particular class of cases, thereby making the

remedy unavailable to a class of petitioners.  Consequently, §

1252(a)(2) implicated core constitutional concerns that the clear

statement rule was designed to protect because that section

abrogated the courts' power to grant habeas petitions.

Accordingly, the Supreme Court in St. Cyr used the clear

statement rule to ensure that this was the result actually

intended by Congress.  See Marquez-Almanzar v. Ashcroft, 2003 WL

21283418, *4 (S.D.N.Y. June 3, 2003).

In contrast to those statutory provisions that implicate the

availability of habeas relief by curtailing the courts' power to

grant the writ, a number of statutes dictate procedural rules

that control habeas review.  Thus, while § 2241 is a broad grant

of the power to grant the writ of habeas corpus, numerous

statutory procedural rules and equitable, judge-made principles

control where a habeas must first be brought, under what

circumstances the court may consider the merits, and when the

denial of a writ may be appealed.  See, e.g. 28 U.S.C. §

2254(b)(1)(A) (requiring exhaustion of state remedies); § 2254

(restricting circumstances in which new factual claims may be

asserted in a habeas petition); § 2253(c) (requiring certificate

of appealability for review of a denial of the writ);  § 2255

(displacing writ of habeas corpus for convicted federal

defendants by substituting a different but equivalent remedy).

These rules, and others, do not implicate the fundamental

power of the courts to grant the habeas remedy, however, because

they simply determine when a petitioner may file a petition, or

which court may hear the petition first.  Indeed, courts have

rejected efforts to apply St. Cyr's clear statement rule to

statutes that limit § 2241 jurisdiction by applying such

procedural directions, without precluding judicial review.  For

instance, before bringing a habeas petition, a petitioner must

show that he has exhausted his administrative or state remedies.

This requirement is a jurisdictional rule in that a court may not

consider any unexhausted claims.  See Theodoropoulos v. INS, No.

01-2715, 2004 WL 49118, *7 (2d Cir. Jan. 12, 2004).  This

procedural requirement does not curtail the power of the courts

to hear habeas petitions because the habeas remedy remains

available once all claims have been properly exhausted.  See

Sundar v. INS, 328 F.3d 1320 (11th Cir. 2003).  That is, because

there is not a complete preclusion of habeas jurisdiction, the

clear statement rule does not apply.  See id.

Like the exhaustion requirement, § 1252(b)(5) does not

curtail the courts' power to review detentions in citizenship

claims.  Rather, the statute simply specifies the procedure by

which such petitions will be decided.  The provision channels

citizenship petitions raising only questions of law to the Courts

of Appeals, and petitions rasing genuine issues of fact to the

district courts.  See 8 U.S.C. § 1252(b)(5)(B).  It does not

remove an avenue of relief, or leave any class of petitioners

without the ability to challenge the legality of their

confinement, because it provides a forum for all petitioners

raising such citizenship claims.  See Taniguchi v. Schultz, 303

F.3d 950 (9th Cir. 2002) (explaining that § 1252(b)(5) "does not

foreclose completely the writ of habeas corpus").  Consequently,

because the constitutional concerns underlying the clear

statement rule are not implicated by the procedural rules

contained § 1252(b)(5), that rule does not apply in this case.

Accordingly, it is therefore not necessary for § 1252(b)(5) to

mention habeas corpus explicitly in order to provide that

citizenship claims asserted in the context of habeas petitions

must first be presented to the Courts of Appeals.

Where a petitioner improperly brings such a claim in the

district court, under normal circumstances, the appropriate

procedure is to transfer the claim to the Court of Appeals

pursuant to 28 U.S.C. § 1631.[4]  See Baeta v. Sonchik, 273 F.3d

---

[4]    Section 1631 provides: Whenever a civil action is filed in a
court as defined in section 610 of this title or an appeal,
including a petition for review of administrative action, is
noticed for or filed with such a court and that court finds that
there is a want of jurisdiction, the court shall, if it is in the
interest of justice, transfer such action or appeal to any other
such court in which the action or appeal could have been brought
at the time it was filed or noticed, and the action or appeal
shall proceed as if it had been filed in or noticed for the court

1261, 1263 (9th Cir. 2001) (noting that national status claim

presented in section 2241 habeas petition to district court

should have been transferred to court of appeals pursuant to 28

U.S.C. section 1631); Hussein, 2002 WL 31026704, at *2 (same).

Thus, pursuant to section 1631, if otherwise timely, Petitioner's

citizenship claim should be transferred to the Court of Appeals,

and it would proceed as if it had been filed in the Court of

Appeals on the date upon which it was filed in the district

court.  See e.g. Taniguchi v. Schultz, 303 F.3d 950 (9th Cir.

2002).

    However, under 8 U.S.C. § 1252(b)(1), a petition for review

with the court of appeals must be filed within thirty days after

the date of the final order of removal.  See 8 U.S.C.

§ 1252(b)(1).  Here, the immigration judge ordered Petitioner

removed on June 14, 2002.  Petitioner failed to appeal the

immigration judge's order of removal to the BIA; consequently,

his order became final on July 14, 2002.  See  8 U.S.C.

§ 1101(a)(47)(B) (establishing when an immigration judge's order

becomes administratively final); 8 C.F.R. §§ 3.38 & 3.39 (notice

of appeal from an immigration judge's decision must be filed with

the BIA within thirty calendar days after the immigration judge's

---

to which it is transferred on the date upon which it was actually
filed in or noticed for the court from which it is transferred.
28 U.S.C. § 1631.

oral decision, or the mailing of a written decision.  If no appeal is taken however, the decision of the immigration judge becomes final upon expiration of the thirty-day regulatory time period for appeal.).

This Court cannot transfer Petitioner's citizenship claim to the Court of Appeals because even if transferred, the Court of Appeals could not review the claim.  Petitioner failed to exhaust his administrative remedies by failing to appeal to the BIA (see Response to Habeas Petition), and instead imprudently filed a habeas petition in the district court on August 12, 2002.  See Malvoisin v. INS, 268 F.3d 74 (2d Cir. 2001) (holding that thirty-day time limit for filing a petition to review final order is a strict jurisdictional prerequisite).  As such, any attempted transfer to the Court of Appeals would be dismissed for lack of jurisdiction because Petitioner failed to exhaust his administrative remedies in not appealing the BIA decision, and for untimeliness since his habeas petition was filed more than thirty days after his final order.  Thus, petitioner's habeas petition should be dismissed as a matter of law.

## II.   PETITIONER FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES WHEN HE FAILED TO RAISE THIS CLAIM OF DERIVATIVE CITIZENSHIP, AND REVIEW OF HIS CLAIM IS THEREFORE PROCEDURALLY BARRED

Even assuming the Court determined that petitioner's citizenship claim is cognizable in the district court, the Court

still must dismiss his habeas petition because he has failed to

exhaust his administrative remedies.

Indeed, just as Petitioner has procedurally defaulted on the

claims in his habeas petition by failing to appeal his order of

removal to the BIA (see Response to Habeas Petition and arguments

contained therein), so has he defaulted on his derivative

citizenship claim contained in his Amended Petition because he

never raised that claim before an immigration judge.  In any

event, Petitioner did not challenge the factual findings made by

the immigration judge, including his admission that he is not a

United States citizen.  Those findings are now binding and non-

reviewable.  See Calcano-Martinez v. INS, 232 F.3d 328, 342 (2d

Cir. 2000), aff'd, 533 U.S. 348 (2001).  Petitioner has not

explained why he admitted during his removal hearing that he is

not a United States citizen, but now claims that he has derived

citizenship.  Nor has he articulated why he failed to appeal the

immigration judge's decision to the BIA and raise this particular

issue there.  See 8 U.S.C. § 1252(d)(1); Theodoropoulos v. INS,

No. 01-2715, 2004 WL 49118, *7 (2d Cir. Jan. 12, 2004).

Petitioner's claim contained in his initial habeas petition that

he filed an interlocutory appeal of the denial of his motion to

terminate his removal proceedings is insufficient to constitute

an appeal of his final order of removal.  See Response to Habeas

Petition.  Thus, his petition should be denied because he has not

10

exhausted his administrative remedies.

This Court must dismiss Petitioner's claim of derivative citizenship for lack of jurisdiction, and cannot transfer Petitioner's claim to the Court of Appeals because Petitioner failed to exhaust his administrative remedies when he did not properly appeal to the BIA, and because his habeas petition, if deemed a petition to the Court of Appeals, is untimely.

## CONCLUSION

For the foregoing reasons, the Court must dismiss the amended petition for writ of habeas corpus.

                              Respectfully submitted,

                              ROBERT D. McCALLUM, JR.
                              Assistant Attorney General
                              Civil Division

                              CHRISTOPHER C. FULLER
                              Senior Litigation Counsel

                              JANICE K. REDFERN, Attorney
                              Office of Immigration Litigation
                              U.S. Department of Justice
                              P.O. Box 878, Ben Franklin Station
                              Washington, DC  20044
                              202-616-4475


                    By:  _____
                              DOUGLAS P. MORABITO
                              ASSISTANT UNITED STATES ATTORNEY
                              Federal Bar No. ct20962
                              157 Church Street, 24th Floor
                              New Haven, CT 06510

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the attached has been served upon petitioner this 20th day of April 2004, by mailing a copy thereof, to:

> Roberto T. Lucheme, Esq.
> 41 Hebron Avenue
> Glastonbury, CT 06033
> Attorney for Petitioner

_____
Douglas P. Morabito