FILED

2004 MAY 14 P 2: 07

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| MOHAMMAD ANEES, Petitioner.<br>A 46 193 028<br><br>vs.<br><br>JOHN ASHCROFT, ATTORNEY<br>GENERAL, UNITED STATES OF<br>AMERICA, Respondent | 3:02 CV 1393(DJS)<br><br><br><br>APRIL 21, 2004 |

### MEMORANDUM RE SUBJECT MATTER JURISDICTION

On April 5, 2004, this Court ordered the parties to submit supplemental memoranda of law as to whether the court has subject matter jurisdiction over Petitioner's claims that he is a derived citizen of the United States. Petitioner has brought this action under 18 USC §. 2241, the general habeas statute, as one who is wrongfully incarcerated by the Respondent because he is a citizen of the United States.

The scope of habeas review was discussed by the Supreme Court in INS v. St. Cyr, 533 US 289 (2001). The Court held that "implications from statutory text or legislative history are not sufficient to repeal habeas jurisdiction; instead. Congress must articulate specific and unambiguous statutory directives to effect a repeal." Id. at 299.

Under 8 USC § 1252(b)(5)(B), the procedures for making claims for nationality before the Court of Appeals are explained. However, the statue does not mention 28 USC § 2241. Accordingly, the initial issue before this Court is whether 8 USC § 1252(b)(5)(B) is the exclusive way in which a claim for nationality may be considered. A district court in our circuit has recently considered this issue and correctly held that under the "plain meaning rule" of St. Cyr, supra, unless the statute specifically eliminates habeas review, it will not be presumed to have done so. Lee v. Ashcroft, 2003 U.S. Dist. LEXIS 17585 (E.D.N.Y. May 27, 2003) (attached).

The Lee court also cites recent Second Circuit cases such as Wang v. Ashcroft, 320 F.3d 130 (2d Cir. 2003) and Liu v INS, 293 F.3d 36 (2d Cir, 2002) that buttress its conclusion that habeas proceedings are proper. In Lee the alien had committed criminal offenses, had missed the thirty day deadline for filing a Petition for Review and the Fifth Circuit had (without explanation) rejected a transfer of the suit for lack of jurisdiction.

For the reasons explained in Lee, this court has subject matter jurisdiction. The Petitioner should have an opportunity for this Court to determine that he is a derived citizen of the United States. In the interim, the Petitioner moves the Court to maintain its order staying his removal until his case may be heard and decided.

THE PETITIONER

_____
by Roberto T. Lucheme, Esq.
His Attorney
Juris Number CT 09 911

41 Hebron Avenue
Glastonbury, CT 06033

Telephone: (860) 633-1962

### CERTIFICATION

I hereby certify that a copy of the above was mailed first-class, postage prepaid or hand delivered on April 21, 2004 to the following counsel of record.

    Douglas Morabito, Esq.
    Assistant U.S. Attorney
    157 Church St.
    New Haven, CT 06510

_____
Roberto T. Lucheme, Esq.

| | |
|---|---|
| Subj: | **Lee v. Ashcroft (habeas)** |
| Date: | 10/8/03 4:59:42 PM Eastern Daylight Time |
| From: | dan@cenizo.com |
| To: | dan@cenizo.com |

Sent from the Internet (Details)

YUEN SHING LEE, Petitioner, -against- JOHN ASHCROFT, Attorney General of the United States of America, EDWARD McELROY, New York District Director of the Immigration and Naturalization Service, Respondents.

01 CV 0997 (SJ)

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

2003 U.S. Dist. LEXIS 17585

May 27, 2003, Decided

DISPOSITION: [*1] Petitioner filed the instant motion for reconsideration granted, vacated its January 22, 2003 Order, and reinstates its Order of July 15, 2002.

COUNSEL: For Petitioner: Melissa Chan, Legal Intern, Alina Das, Legal Intern, Nancy Morawetz, Esq., WASHINGTON SQUARE LEGAL SERVICES, INC., New York, New York.

For Respondents: Kathleen Anne Nandan, Esq., Assistant United States Attorney, Of Counsel, ROSLYNN R. MAUSKOPF, ESQ., United States Attorney, Eastern District of New York, Brooklyn, New York.

JUDGES: Sterling Johnson, Jr., U.S.D.J.

OPINIONBY: Sterling Johnson, Jr.

OPINION:

MEMORANDUM AND ORDER

JOHNSON, District Judge:

On January 22, 2003, this Court issued a Memorandum and Order in which it determined that it did not have jurisdiction to hear Petitioner Yuen Shing Lee's claim of nationality and directed that the petition be transferred to the Court of Appeals for the Second Circuit. Subsequently, Petitioner filed the instant motion for reconsideration. The Court hereby grants the motion for reconsideration vacates its January 22, 2003 Order, and reinstates its Order of July 15, 2002.

PROCEDURAL BACKGROUND

Familiarity with the factual background of this case is assumed. n1 The back-and-forth [*2] procedural background of the case is as follows: On July 15, 2002, this Court issued a Memorandum and Order

granting Petitioner's pro se application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court found that Petitioner qualifies as a national of the United States and thus is not subject to removal under 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"). Respondents thereafter filed a Motion to Alter or Amend the Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (" Rule 59(e)"). The Court entertained that motion, appointed counsel for Petitioner, invited further briefing, heard oral argument and eventually adopted the government's argument that § 1252(b)(5)(B) precluded district court jurisdiction over claims of nationality. Petitioner then filed his own Rule 59(e) Motion on February 11, 2003. asking the Court to reconsider its decision to transfer the Petition to the Court of Appeals. The government also requested that the Court modify its decision to the extent that it transfer the petition to the Court of Appeals for the Fifth Circuit, rather than the Second [*3] Circuit.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 The initial decision of July 15, 2002, Lee v. Ashcroft, 216 F. Supp. 2d 51 (E.D.N.Y. 2002), included a recitation of the relevant factual background.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

DISCUSSION

   Rule 59(e) of the Rules of Civil Procedure permits parties to move the Court to alter or amend a judgment. Eastern District Local Rule 6.3 authorizes motions for reconsideration when accompanied by "a memorandum setting forth concisely the matters or controlling decisions which [a moving party] believes the court has overlooked." Local R. 6.3. Motions for reconsideration are assessed under a very strict standard. See, e.g., Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (noting the very high burden a movant faces on a reconsideration motion in the context of a resubmitted motion to dismiss, analyzed under the "law of the case" doctrine);Pena-Rosario v. Reno,2000 U.S. Dist. LEXIS 6333, No. 99-4652, 2000 WL 620207, at * 1 (E.D.N.Y. May 11, 2000) (Gleeson, J.) (noting [*4]  that "the requirements of Local Rule 6.3 ... are strictly construed in order to keep the court's docket free of unnecessary relitigation"); Woodard v. Hardenfelder, 845 F. Supp. 960, 966 (E.D.N.Y. 1994) (Glasser, J.) ("The standards for granting a motion for reconsideration under both Rule 59(e) and Local Rule 3(j) are strict ... 'in order to dissuade repetitive arguments on issues that have already been considered fully by the Court'" (internal citations omitted)).

   The decision to grant or deny a motion for reconsideration "is within the sound discretion of the district court." United States v. United States Currency in the Sum of Ninety Seven Thousand Two Hundred Fifty-three Dollars, 1999 U.S. Dist. LEXIS 1421, No. 95-3982, 1999 WL 84122. at *2 (E.D.N.Y. Feb. 11, 1999). Various factors courts have considered in granting a motion to reconsider include, 1) an intervening change of controlling law, 2) the availability of new evidence not previously available, and 3) the need to correct a clear error or prevent manifest injustice. Brown v. J.F.H. Mak Trucking, 1999 U.S. Dist. LEXIS 17811, No. 95-2118, 1999 WL 1057274, at *1 (E.D.N.Y. Nov. 8, 1999). Here, Petitioner, as the moving party, contends [*5]  that this Court did not properly consider the precedent set by the Supreme Court and the Second Circuit regarding the distinction between judicial review

and habeas review.

Respondents argue that this Court is precluded from deciding Petitioner's claims by 8 U.S.C. § 1252(b), which provides that judicial review over claims of nationality is properly found in the courts of appeals. Respondents assert that § 1252(b)(5)(B) is the only mechanism for judicial review of decisions by the INS regarding nationality claims. (Resp'ts Mem. in Opp'n to Pet.'s Rule 59(e) Mot. ("Opp'n"), at 6.) Petitioner counters that § 1252(b)(5)'s requirement applies exclusively to requests for direct judicial review, and that it does not operate to bar habeas corpus review, a completely separate avenue of relief.

In its January 22, 2003 opinion, the Court followed the lead of several circuit courts and other district courts within the Second Circuit, which have applied § 1252(b)(5) in the context of habeas corpus review. Upon further consideration and in light of decisions issued after this Court's previous ruling, the Court now believes that the decisions on which it previously relied [*6] did not follow Supreme Court precedent regarding the distinction between judicial review and habeas review.

"In the immigration context, 'judicial review' and 'habeas corpus' have historically distinct meanings." INS v. St. Cyr, 533 U.S. 289, 311, 150 L. Ed. 2d 347, 121 S. Ct. 2271 (2001) (holding that the limitations on judicial review enacted by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") do not repeal habeas corpus jurisdiction); see also Calcano-Martinez v. INS, 232 F.3d 328, 338 (2000) ("Judicial review and habeas corpus have distinct technical meanings under the law."), aff'd, 533 U.S. 348, 150 L. Ed. 2d 392, 121 S. Ct. 2268 (2001). The Supreme Court has specifically addressed the limitations enacted by other subsections of § 1252 and found that they limit only "'judicial review'-that is, full, nonhabeas review." St. Cyr, 533 U.S. at 312. Thus, a statute that establishes the procedures for judicial review of immigration decisions does not necessarily speak to the continuing availability of habeas review [*7] of those decisions.

In INS v. St. Cyr, the Supreme Court recently reiterated the continuing vitality of habeas corpus review pursuant to 28 U.S.C. § 2241, in the face of limitations enacted by Congress in AEDPA and IIRIRA. The Court held that "implications from statutory text or legislative history are not sufficient to repeal habeas jurisdiction: instead, Congress must articulate specific and unambiguous statutory directives to effect a repeal." 533 U.S. at 299. See also Demore v. Hyung Joon Kim, 155 L. Ed. 2d 724, 123 S. Ct. 1708 (April 29, 2003) (publication page numbers not available) ("Where a provision precluding review is claimed to bar habeas review, the Court has required a particularly clear statement that such is Congress' intent."); Wang v. Ashcroft, 320 F.3d 130, 140-141 (2d Cir. 2003) ("The Supreme Court's decision in St. Cyr makes clear that a statute must, at a minimum, explicitly mention either 'habeas corpus' or 28 U.S.C. § 2241' in order to limit or restrict § 2241 jurisdiction.").

Section 1252 is entitled "Judicial review of orders of removal." subsection (b) [*8] involves "Requirements for review of orders of removal," and subsection (b)(5) is as follows:

  (5) Treatment of nationality claims
  (A) Court determination if no if sue of fact
  If the petitioner claims to be a national of the United States and the
   court of appeals finds from the pleadings and affidavits that no
   genuine issue of material fact about the petitioner's nationality is
   presented, the court shall decide the nationality claim.
  (B) Transfer if issue of fact
  If the petitioner claims to be a national of the United States and the
   court of appeals finds that a genuine issue of material fact about the
   petitioner's nationality is presented, the court shall transfer the
   proceeding to the district court of the United States for the judicial
   district in which the petitioner resides for a new hearing on the
   nationality claim and a decision on that claim as if an action had
   been brought in the district court under section 2201 of Title 28.
  (C) Limitation on determination
   The petitioner may have such nationality claim decided only as
   provided in this paragraph.

8 U.S.C. § 1252(b)(5). Respondents argue that this language repeals habeas jurisdiction [*9] over any claim of nationality. Petitioner contends that since § 1252(b)(5) is devoid of any mention of habeas or 28 U.S.C. § 2241, that the "clear statement rule" articulated in St. Cyr counsels against construing the statute as replacing habeas review. Neither the Supreme Court nor the Second Circuit has specifically considered the impact of § 1252(b)(5) on habeas corpus review. The Ninth Circuit found that § 1252(b)(5) preempts habeas review in Taniguchi v. Schultz, 303 F.3d 950, 955 (9th Cir. 2002). That court considered both a petition for direct review and a petition for habeas corpus pursuant to § 2241 and found that a petition for review under § 1252(b)(5) was the appropriate mechanism to address questions of citizenship. However, the Taniguchi court did not consider the St. Cyr decision and the Supreme Court's requirement that habeas review may only be precluded by a clear congressional statement to that effect.

 The First Circuit has also applied § 1252(b)(5) to citizenship claims, but did not consider its relationship to habeas jurisdiction. In Batista v. Ashcroft, 270 F.3d 8, 12 (1st Cir. 2001), [*10] the petitioner made a citizenship claim through a petition for a writ of habeas corpus. Finding that the habeas petition met the procedural requirements for a petition for review pursuant to § 1252(b)(5), the First Circuit construed it as such, without determining whether § 1252(b)(5) excluded habeas corpus jurisdiction. Several district courts within the Second Circuit have also declined jurisdiction on the basis of § 1252(b)(5), but did not address the distinction between direct judicial review and habeas review nor the clear statement rule articulated in St.Cyr, Liu v. INS, 293 F.3d 36 (2d Cir. 2002), and now Wang. See Metelus v. Ashcroft, 261 F. Supp. 2d 158, No. 02 CV 6382, 2003 WL 21057302, at *2 (E.D.N.Y. May 7, 2003) (Gershon. J.); Rodriguez v. Ashcroft, 2003 U.S. Dist. LEXIS 23, No. 02 CV 1188, 2003 WL 42018. at *4 (S.D.N.Y. Jan. 6. 2003) (Gorenstein. Mag. J.) (describing § 1252(b)(5) as applying to "judicial review"): Maragh v. Girdich, 2003 U.S. Dist. LEXIS 1, No. 02 CV 2965, 2003 WL 18484, at *3 n.2 (S.D.N.Y. Jan. 2. 2003) (Gerenstein, Mag. J.); Alvarez-Gareia v. Ashcroft, 234 F. Supp. 2d 283, 290 (S.D.N.Y. 2002) (McMahon. J.) ("The sole and exclusive avenue [*11] for review of a claim of nationality is by direct petition for

review to the United States Court of Appeals for the Second Circuit."); Hussein v. Ashcroft, 2002 U.S. Dist. LEXIS 16976, No. 01 CV 1239, 2002 WL 31027604, at *2 (E.D.N.Y. Sept. 12, 2002) (Block, J.); Riyas v. Ashcroft, 2002 U.S. Dist. LEXIS 16254, No. 01 CV 5871, 2002 WL 2005797, at *4 (S.D.N.Y. Aug. 29, 2002) (Baer, J.)) (declining habeas jurisdiction and holding that "the immigration laws require that [the petitioner] instead present his nationality claim in a petition for review in the appropriate court of appeals, in this case, the Second Circuit").

The Supreme Court considered other subsections of § 1252 that are similar in language and import to the statute at issue here, and found that those subsections do not divest district courts of habeas jurisdiction. In St. Cyr, the Court considered the provisions contained in § 1252(a)(1) that "Judicial review of a final order of removal ... is governed only by chapter 158 of Title 28, except as provided in subsection (b of this section." and in § 1252(a)(2)(C) that "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having [*12] committed" certain crimes. The St. Cyr Court found that such language in § 1252(a)(1) and § 1252(a)(2)(C) did not divest federal courts of habeas jurisdiction. The Supreme Court also found that § 1252(b)(9), involving "questions for judicial review," does not apply to actions brought pursuant to the general habeas statute, and thus cannot repeal that statute either in part or in whole." 533 U.S. at 314.

Based on the language and organization of the statute, this Court finds that subsection (b)(5). "Treatment of nationality claims," refers to claims brought under subsection (b) "review of orders of removal." Thus, without an express statement that § 1252(b)(5) repeals habeas review, it cannot act to divest federal courts of jurisdiction over habeas petitions involving claims of nationality.

Petitioner finds further support for this position in two recent Second Circuit opinions. In Wang v. Ashcroft, the petitioner challenged the Bureau of Immigration Appeals' denial of relief under the Convention Against Torture, which was implemented in the United States by the Foreign Affairs Reform and Restructuring Act of 1988 ("FARRA"). FARRA includes a jurisdiction-stripping [*13] provision such that "notwithstanding any other provision of law ... nothing in this section shall be construed as providing any court jurisdiction to consider or review claims under the Convention or this section ... except as part of the review of a final order of removal pursuant to section 242 of the Immigration and Nationality Act [8 U.S.C. § 1252]." FARRA § 2242(d), 112 Stat. 2681-822 (1988). Despite this language, the Second Circuit found that "because FARRA does not expressly mention either 'habeas corpus' or '28 U.S.C. § 2241,' it does not meet the requirements set forth in St. Cyr for the elimination of § 2241 jurisdiction." In Liu v. INS, the Second Circuit reversed a district court 's dismissal of the petitioner's case on the ground that IIRIRA's transitional rules divested federal courts of habeas corpus jurisdiction of claims under the Convention Against Torture and instead required direct appeal to the appellate courts. The Liu court extended St. Cyr's "plain statement rule" to non-criminal aliens, even though "non-criminal aliens can appeal an adverse decision of the BIA directly to the federal courts [*14] of appeals, mitigating the Suspension Clause concerns present in St. Cyr." Liu, 293 F.3d at 40. Thus, Liu stands for the proposition that district courts retain jurisdiction over habeas petitions even where such petitions may also be heard in the courts of appeals. n2 See also Chmakov v. Blackman, 266 F.3d 210 (3rd Cir. 2001) (upholding the plain

statement rule for considering the continuing existence of habeas jurisdiction for non-criminal aliens, even in the absence of a Suspension Clause problem).

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n2 The government argues that St Cyr does not apply to Petitioner's case because "instead of 'stripping' the courts' ability to hear nationality claims. § 1252(b)(5) provides a process whereby nationality claims shall be decided." Opp 'n. at 6. However, a real question remains regarding whether Petitioner may indeed be heard in the courts of appeals. As noted below, he filed a petition for direct review in the Second Circuit, which was then transferred to the Fifth Circuit. In its brief to the Fifth Circuit, the Office of Immigration Litigation argued in addition to its claim of untimeliness, that the Appellate Court did not have jurisdiction over the petition because Petitioner had not asserted any substantial constitutional claim, and thus the court was barred by 8 U.S.C. § 1252(a)(2)(C) from exercising jurisdiction over the petition of an alien who had committed an aggravated felony. (Pet.'s Notice of Mot., Ex. F., "Resp't's Mot. to Dismiss" in Lee v. Ashcroft, No. 02-60429 (5th Cir.).) The Fifth Circuit granted the government's motion to dismiss the petition for review for lack of jurisdiction. without indicating the basis for that finding. Lee v. Ashcroft, No. 02-60429 (5th Cir. June 19, 2002). At least one governmental agency is thus arguing that Petitioner and others in similar circumstances may not be eligible for direct review of removal orders even in the Courts of Appeals. Such petitioners have habeas as their only remedy.

- - - - - - - - - - - - End Footnotes - - - - - - - - - - - - - [*15]

This Court follows Supreme Court precedent in St. Cyr and Second Circuit decisions in Liu and Wang in applying the "plain statement rule" that Congress must explicitly repeal habeas jurisdiction if that is its intent. See St. Cyr, 533 U.S. at 299.

Here, the government's own arguments underscore the necessary distinction between direct judicial review and habeas review. Respondents urge this Court to affirm its decision to send the case to the Court of Appeals, but argues that it should be the Court of Appeals for the Fifth Circuit. (Opp'n, at 4 n.5.) Subsection (b)(2) of § 1252 requires that "the court of appeals for the judicial circuit in which the immigration judge completed proceedings" hear claims regarding nationality in petitions for judicial review of final orders of removal. In this case, the INS commenced proceedings against Petitioner in New Jersey, and subsequently transferred him to Louisiana, where the proceedings were completed. Thus, a Petition for judicial review of the final order of removal that was issued in Louisiana should be heard in the Fifth Circuit. However, the habeas statute, 28 U.S.C. § 2241, confers [*16] jurisdiction on the district court having personal jurisdiction over petitioner's custodians, and where venue is appropriate. See Mojica v. Reno, 970 F. Supp. 130, 165 (E.D.N.Y. 1997). Thus, for his petition on habeas review, jurisdiction and venue are appropriate in the Eastern District of New York. n3

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n3 This Court engaged in a lengthy discussion of the jurisdictional requirements in its initial decision of July 15, 2002, in which it

Thursday, October 09, 2003    America Online: MMoore0428

determined that, at the time Petitioner filed his petition, his custodian for habeas purposes was the Attorney General, and that this Court has personal jurisdiction over him. Other venue considerations favored jurisdiction in the Eastern District of New York.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

    Indeed, to adopt the government's argument that § 1252(b)(5) replaces habeas corpus review for claims involving alienage would subject Petitioner to an entirely different procedural regime than the one under which he filed his petition, and in this case would create a manifest injustice. Construing the [*17] instant petition for a writ of habeas corpus as a petition for judicial review would effectively preclude any consideration of the merits of Petitioner's claim. The current petition does not meet the procedural requirements for direct review under § 1252(b), which requires that such petitions be filed within 30 days of the final order of removal. n4 Furthermore, Petitioner had already filed a petition for direct review, which was ultimately dismissed by the Fifth Circuit for lack of jurisdiction. Since the Fifth Circuit did not indicate the basis for its finding of lack of jurisdiction, it is likely that a second petition for review could meet the same fate.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n4 The government disingenuously suggests that Petitioner's December 20, 2001 "Motion for Declaratory Judgment" could be construed as a separate petition which could then be treated as a timely petition for review. The government's focus on this particular submission, a document that does not represent either Petitioner's intended mechanism for review, nor the entirety of his claims, is rational only to the extent that the document happened to be filed within the 30-day window following the final order of removal. There is no guarantee that the Circuit Court to which Petitioner's claims were eventually sent would make the same arbitrary designation and construction of this document. Such a construction might also run into the same procedural barrier as his actual petition for review. Although he mailed his Petition for Review within the 30-day period following the BIA's denial of his appeal, the Office of Immigration Litigation argued that it should be dismissed because he failed to submit a declaration or notarized statement affirming the date of deposit and prepayment of postage, as required by F.R.A.P. 25(a)(2)(C). (Resp't's Mot. to Dismiss Pet. for Review in 5th Cir. Docket No. 02-6042, Pet.'s Aff., Ex. F.)

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - [*18]

    Accordingly, this Court believes that it erred, initially, in not considering the precedential authority of St. Cyr and Liu. Further, the Court now has the benefit of the more recent decisions by the Supreme Court in Hyung Joon Kim and the Second Circuit in Wang regarding the plain statement rule. As § 1252(b)(5) does not expressly repeal habeas corpus jurisdiction, this Court finds that it continues to have habeas jurisdiction over Petitioner's claim that he is a national of the United States.

    The Court vacates its January 22, 2003 Order and reinstates its July 15, 2002 Decision finding that Petitioner Lee cannot be deported as an alien, by virtue of his qualification as a national of the United States.

SO ORDERED.

                        Thursday, October 09, 2003    America Online: MMoore0428