UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 JUL -2 P 1: 28
U.S. DISTRICT COURT
HARTFORD, CT.

MOHAMMED ANEES, A# 46 193 028     :
    Petitioner,                   :
                                  :
v.                                :   No. 3:02CV1393 (DJS)
                                  :
JOHN ASHCROFT, Attorney           :
General of the United States,     :
                                  :
    Respondent.                   :

## MEMORANDUM OF DECISION

On August 12, 2002, petitioner Mohammed Anees filed a petition for a writ of habeas corpus seeking relief from his impending removal from the United States. This court entered a stay of removal on August 16, 2002. Petitioner has since amended his petition to assert the claim that he is a citizen of the United States. For the reasons set forth herein, a hearing on Anees's petition is stayed pending the outcome of proceedings regarding his application for a certificate of citizenship.

### I. FACTS

Petitioner is a native and citizen of Pakistan who was admitted to the United States as an immigrant on or about June 2, 1998. On December 7, 2001, Anees was convicted in the Superior Court for the State of Connecticut of (1) risk of injury to a child in violation of Section 53-21(1) of the Connecticut General Statutes; (2) and sexual assault in the fourth degree in violation of Section 53a-73a of the Connecticut General Statutes.

Anees received a sentence of one year imprisonment, execution suspended, and five years probation for the first offense, and five years imprisonment, execution suspended, and five years probation for the second offense. The court stated that these sentences were to run concurrently.

On April 10, 2002, the INS initiated removal proceedings against Anees by serving him with a Notice to Appear, which charged that he was removable because the crimes of which he was convicted were either aggravated felonies or crimes of moral turpitude within the meaning of Section 237 of the Immigration and Naturalization Act ("INA"), as amended. Anees admitted all factual allegations set forth in the Notice to Appear, but moved to terminate the removal proceedings on the grounds that he was not eligible for removal because the crimes of which he was convicted should not be considered offenses rendering him eligible for removal under the INA. The Immigration Judge denied Anees's motion to terminate on May 31, 2002, and entered a final order of removal on June 14, 2002.

Anees filed a notice of appeal of the IJ's May 31, 2002 decision with the Board of Immigration Appeals ("BIA"). On July 29, 2002, the BIA dismissed Anees's appeal. The BIA stated that the IJ's June 14, 2002 final order of removal rendered Anees's appeal interlocutory and therefore moot.

Anees filed this petition on August 12, 2002. This court

entered a stay of removal on August 16, 2002. Although the record does not reflect the precise date, Anees has been in custody awaiting removal for significant period of time.

In his reply papers, which were filed on October 18, 2002, Anees claimed, for the first time, that he is not subject to removal because he is a derivative citizen of the United States. On February 10, 2003, the court granted Anees leave to amend his petition and ordered the parties to provide supplemental briefs regarding Anees's new claim. On July 10, 2003, the court stayed a hearing on Anees's petition for a writ of habeas corpus pending the outcome of Anees's application for a certificate of citizenship, which could resolve what is now the central issue in Anees's petition for a writ of habeas corpus. Per Anees's request, the court terminated the stay of a hearing on Anees's petition for a writ of habeas corpus on April 5, 2004 and ordered the parties to submit briefs regarding the court's jurisdiction to hear Anees's derivative citizenship claim. Anees claims that this court has jurisdiction to decide his citizenship claim, and he has asked the court to grant him a hearing on his petition for a writ of habeas corpus at the first available opportunity.

## II. DISCUSSION

Mohammed Anees, who is currently in the custody of the Department of Homeland Security's Bureau of Immigration and Customs Enforcement, has filed a petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2241.  He asserts two claims in his amended petition: (1) that he has derived United States citizenship through his mother's naturalization; and (2) that the BIA violated his right to procedural due process under the Fifth Amendment to the U.S. Constitution.

Anees claims that he has acquired U.S. citizenship through his mother's naturalization, and, therefore, that he may not be removed from the U.S.  Ordinarily, there are two ways to present this claim.  First, a person may raise this claim during the course of removal proceedings.  The INA provides that the exclusive procedure for obtaining judicial review of a final order of removal rejecting a nationality claim is through the procedure set forth in 8 U.S.C. § 1252(b)(5).  See 8 U.S.C. § 1252(b)(5)(C) ("The petitioner may have such nationality claim decided only as provided in this paragraph.").  This procedure requires that a petition for review be filed "with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings," 8 U.S.C. § 1252(b)(2), "not later than 30 days after the date of the final order of removal," 8 U.S.C. § 1252(b)(1).  See 8 U.S.C. § 1252(b).  The court of appeals decides the claim if there is no genuine issue of material fact, or transfers the case to the district court for a hearing if there is a genuine issue of material fact.  See id.  However, Anees did not raise this issue in the removal

proceedings culminating in the entry of a final order of removal against him.

Second, a person may submit an application for a certificate of citizenship with the Department of Homeland Security ("DHS") Bureau of Citizenship and Immigration Services pursuant to 8 U.S.C. § 1452. See 8 C.F.R. § 341.1. If the application is denied at the district level, the applicant may file an appeal of the adverse decision with the Administrative Appeals Unit ("AAU"). See 8 C.F.R. § 341.6; see also 8 C.F.R. § 103.3. Further, should the person's appeal be unsuccessful, the applicant may file an action in district court pursuant to 8 U.S.C. § 1503. This provision provides, in pertinent part, the following:

> If any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute an action under the provisions of section 2201 of Title 28 against the head of such department or independent agency for a judgment declaring him to be a national of the United States. . . .

8 U.S.C. § 1503(a). However, "if the issue of such person's status as a national of the United States (1) arose by reason of, or in connection with any removal proceeding under the provisions of this chapter or any other act, or (2) is in issue in any such removal proceeding," the applicant may not file an action in the district court. 8 U.S.C. § 1503(a). Anees has completed the

administrative portion of the latter procedure, and has filed an appeal of the AAU's adverse decision with the Court of Appeals for the Second Circuit, apparently pursuant to 8 U.S.C. § 1252(b)(5), because the procedure set forth in 8 U.S.C. § 1503 is unavailable to him. See Anees v. Ashcroft, No. 04-1667-ag (2d Cir.) (petition for review of agency decision docketed on April 4, 2004).

In light of the status of Anees's application for a certificate of citizenship, pressing forward with a hearing on Anees's claim for citizenship would serve no purpose. Anees's claim is now being reviewed by the Court of Appeals on direct review. Any issues of law will therefore be affirmatively resolved by a court whose holdings bind this court. Also, by pursuing his claim in the Court of Appeals, Anees avoids the substantial and dispositive questions regarding this court's jurisdiction to decide nationality claims, whether Anees had exhausted his administrative remedies, and the scope of review under 28 U.S.C. § 2241. A subsequent determination adverse to Anees on any one of these three questions would nullify the effect of any decision from this court.

Therefore, a hearing on Anees's petition for a writ of habeas corpus is **STAYED** until the Court of Appeals issues a final decision on Anees's pending petition for review. Although the court regrets the fact that Anees must remain in DHS custody

during the pendency of these proceedings, unnecessarily pressing on in the face of serious jurisdictional questions could very likely cause more harm to Anees than good over the long term. The court finds that the interests of justice, and indeed Anees's own interests, are best served by awaiting a decision from the Court of Appeals pursuant to the channels established by Congress.  Proceedings regarding Anees's petition shall remain open in the event issues remain for this court to decide following the Court of Appeals decision.

So ordered this 2nd day of July, 2004.

_____
DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE